Philip ROBERTS, Plaintiff–Appellant,

v.

Pat ROE;  Paula Sawyer;  Raymond
Edwards;  David Bateman;  David
Lamph, Defendants–Appellees.

No. 01–4089.

United States Court of Appeals,
Tenth Circuit.

April 10, 2002.

Before KELLY, BRISCOE, and
LUCERO, Circuit Judges.

### ORDER AND JUDGMENT[*]

PAUL KELLY, JR., Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Phillip Roberts appeals the district court's dismissal of his malicious prosecution claim, brought pursuant to 42 U.S.C. § 1983. Because plaintiff failed to raise a genuine issue of fact as to whether defendants lacked probable cause to charge him with withholding information, we affirm.

On July 26, 1993, plaintiff was arrested by a Spanish Fork city police officer for operating a vehicle without a license, registration, or insurance, and for providing

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

false information to a police officer. He was placed in the Utah County jail, where he refused to provide identification or to allow himself to be photographed or fingerprinted. On July 28, 1993, plaintiff was served with a summons at the jail by the Spanish Fork police regarding the traffic violations. Although plaintiff could have been released then on the traffic charges, he was kept in the county jail because he refused to complete the booking procedures.

On July 30, 1993, a state court judge ordered plaintiff's release. The Utah County attorney advised jail employee Deputy Sawyer to release plaintiff, but to cite him for two Class B misdemeanors pursuant to Utah Code Ann. § 53–5–217, based on his refusal to provide the required information. Deputy Edwards of the Utah County jail issued a citation which plaintiff signed under protest. Plaintiff was then released. The charges filed against him by Utah County were dismissed on September 27, 1994.

Plaintiff filed a § 1983 civil rights complaint in March 1996, which he voluntarily dismissed in April 1997. He filed the instant complaint on March 11, 1998, alleging numerous civil rights violations. The district court dismissed plaintiff's claims as untimely pursuant to Utah Code Ann. § 78–12–25(3). On appeal, we agreed that all of plaintiff's claims were barred by the statute of limitations except for his claim for malicious prosecution. *See Roberts v. Roe*, No. 98–4190, 1999 WL 791140 at \*2 (10th Cir. Oct. 5, 1999). On remand, the district court granted summary judgment in favor of defendants on plaintiff's malicious prosecution claim. Plaintiff appeals.

We review a grant of summary judgment *de novo*, applying the same standard as that applied by the district court. *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir.1995). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In particular, judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ A claim for malicious prosecution under Utah law requires plaintiff to demonstrate that defendants (1) initiated or procured the initiation of criminal proceedings against an innocent plaintiff; (2) without probable cause; (3) for a purpose other than that of bringing an offender to justice; and that (4) the proceedings terminated in plaintiff's favor. *See Hodges v. Gibson Prods. Co.*, 811 P.2d 151, 156 (Utah 1991). The district court held in relevant part that plaintiff failed to show that defendants lacked probable cause to charge him with violating Utah Code Ann. § 53–5–217, based on his refusal to provide information regarding his identity or to allow his fingerprints and photograph to be taken.

On appeal, plaintiff attempts to reargue the dismissal of most of his claims based on the statute of limitations. As we have already affirmed the dismissal of these claims, we will not discuss them again.[1]

---

1. We note that the Supreme Court recently rejected plaintiff's argument that the officers were not authorized to hold him in custody for misdemeanor charges. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) ("If an officer

Regarding plaintiff's malicious prosecution claim, we agree with the district court that plaintiff has not raised a triable issue as to the existence of probable cause.

■ Plaintiff argues that the charges against him were dismissed because the Utah state court held that § 53–5–217 applied only to law enforcement employees. He argues, therefore, that defendants lacked probable cause to cite him for violating the statute. As plaintiff has not provided us with a copy of the state court's ruling which allegedly construed the statute not to apply to plaintiff, we cannot verify that the court so held. Even accepting plaintiff's characterization of the state court's holding, he has not shown that defendants lacked probable cause when they cited him.

The statute under which plaintiff was charged stated:

It is a class B misdemeanor for a person to:

(1) neglect or refuse to provide, or willfully withhold any information under this part;

(2) willfully provide false information;

(3) willfully fail to do or perform any act required under this part;

(4) hinder or prevent another from doing an act required under this part; or

(5) willfully remove, destroy, alter, mutilate, or disclose the contents of any file or record of the division unless authorized by and in compliance with procedures established by the commissioner.

Utah Code Ann. § 53–5–217 (now renumbered § 53–10–111). The statute was part of a larger section requiring government officials to collect and record identifying information concerning "accused persons or criminal offenders." *Id.,* § 53–5–202(1) (now renumbered § 53–10–102(1)). The section required law enforcement officials to take specific information from "persons" who were arrested for or convicted of a crime, as well as "persons" who were fugitives, wanted or missing, involved in racketeering, incarcerated, or convicted of a sexual offense. *See generally id.,* § 53–5–203 through § 53–5–216 (now renumbered § 53–10–202 through § 53–10–211). Thus, on its face, the statute which plaintiff was charged with violating appeared to include him within the term of a "person" who was under a duty to provide the required information. Further, even if the statute was directed primarily at law enforcement personnel, plaintiff has not explained why he could not be charged as a "person" who "hinder[ed] or prevent[ed]" the law enforcement officers from performing the required acts. *See id.,* § 53–5–217(4) (now renumbered § 53–10–111(4)).

Finally, even if the state court has now construed § 53–5–217 (now renumbered § 53–10–111) to apply only to law enforcement personnel, this later construction did not negate the officers' probable cause under the statute before it was so limited. Just as the existence of probable cause is not negated by a court's subsequent invalidation of a statute, *see Michigan v. DeFillippo,* 443 U.S. 31, 36–38, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), the officers' probable cause was not negated in this case by the state court's subsequent limiting construction of the statute. Because plaintiff did not raise a triable issue of fact regarding probable cause, the district court properly granted summary judgment in favor of defendants.

has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

The judgment of the United States District Court for the District of Utah is AFFIRMED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.